UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATONDO ANDRE MATEUS, <br><br> Petitioner, <br><br> v. <br><br> DAVID WESLING, Acting Boston Field Office Director, U.S. Immigration and Customs Enforcement; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security, <br><br> Respondents. | Civil Action No. 1:26-cv-10327-IT |

MEMORANDUM & ORDER

February 3, 2026

TALWANI, D.J.

For the reasons set forth below, Petitioner Matondo Andre Mateus's <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] and <u>Emergency Motion for Temporary Restraining Order</u> [Doc. No. 8] are GRANTED.

**I.     Background**

Petitioner, a native and citizen of Angola, entered the United States without inspection on or about June 15, 2019. Pet. ¶ 20 [Doc. No. 1]. On June 16, 2019, Petitioner was released[1] on her own recognizance pursuant to Section 236 of the Immigration and Nationality Act. <u>Id.</u> ¶¶ 20–21; Pet., Ex. A, Form I-220A Order of Release on Recognizance [Doc. No. 1-1].

---

[1] Neither Petitioner nor Respondents provide detail as to Petitioner's apparent detention upon entering the United States.

On January 21, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner in South Portland, Maine. Pet. ¶¶ 3, 22 [Doc. No. 1]; Opp'n, Ex. 1, Decl. of Keith Chan ¶¶ 7–8 [Doc. No. 7-1] ("Chan Decl."). That day, ICE agents moved Petitioner to ICE's Boston Field Office in Burlington, Massachusetts. Chan Decl. ¶ 8 [Doc. No. 7-1].

On January 23, 2026, at approximately 2:12 p.m., ICE placed Petitioner on a Louisiana-bound plane departing from Bedford, Massachusetts. Id. ¶ 9. At 6:03 p.m., while Petitioner was in flight to Louisiana, Petitioner's attorney filed the instant Petition for Habeas Corpus [Doc. No. 1] in the District of Massachusetts.

Petitioner arrived in Alexandria, Louisiana, at approximately 7:02 p.m. Chan Decl. ¶ 9 [Doc. No. 7-1]. At 8:02 p.m., an Emergency Order Concerning Stay of Transfer or Removal [Doc. No. 2] was docketed, prohibiting Respondents from removing Petitioner from the United States or transferring Petitioner to "a judicial district outside that of Massachusetts for a period of at least . . . 72 hours from the time this Order is docketed." Id. at 2. "[A]t approximately 8:09 p.m. EST, ICE received notice of the district court's order preventing removal or transfer." Chan Decl. ¶ 10 [Doc. No. 7-1].

On January 26, 2026, Petitioner's case was assigned to this session, and the court entered a further Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 4]. The Order [Doc. No. 4], in relevant part, again prohibited the transfer of Petitioner "to another district unless the government provides advance notice of the intended move." Id. at 3. Upon the docketing of such notice from Respondents, Petitioner could not "be moved out of the District for a period of at least 72 hours from the time of that docketing." Id. at 4.

On January 29, 2026, Respondents filed an abbreviated response, in which they informed the court that Petitioner was presently detained at "the South Louisiana ICE Processing Center in Basil, Louisiana." Opp'n 2 [Doc. No. 7].

On February 1, 2026, Petitioner filed an <u>Emergency Motion for Temporary Restraining Order</u> [Doc. No. 8]. Petitioner's counsel states that, as of January 30, 2026, Petitioner has been transferred from Louisiana to Arizona according to ICE's Online Detainee Locator System ("ODLS"). Emergency Mot. 2 [Doc. No. 8]; Emergency Mot., Ex. B [Doc. No. 8-1] (print-out of ODLS webpage showing that Petitioner is presently detained at a facility in Eloy, Arizona).

## II. Discussion

In her <u>Petition</u> [Doc. No. 1], Petitioner seeks immediate release or, in the alternative, an individualized bond hearing before an Immigration Judge. <u>See</u> <u>id.</u> at ECF 9. As grounds therefor, Petitioner asserts that her detention (1) violates her right to due process under the Fifth Amendment to the Constitution; (2) is improper where Petitioner's detention is governed by 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225; and (3) where Petitioner is a member of the class certified in <u>Guerrero Orellana v. Moniz</u>, 25-cv-12664-PBS, Dkt. 113 (D. Mass. Dec. 19. 2025), Respondents' characterization of Petitioner's detention as mandatory under 8 U.S.C. § 1225 violates the partial final judgment entered in that case. <u>See</u> <u>id.</u> ¶¶ 32–41.

Respondents do not challenge this court's habeas jurisdiction where Petitioner was "still in flight in transit to Louisiana at the time the Petition was filed with this court[.]" Opp'n 2 n.1 [Doc. No. 7] (citing this court's prior decision in <u>Moreira Aguiar v. Moniz</u>, 25-cv-12706-IT, 2025 WL 2987656 (D. Mass. Oct. 22, 2025)). Although Respondents oppose Petitioner's "outright release," Opp'n 1 [Doc. No. 7], they submit that

> the legal issues presented in this Petitioner are similar to those recently addressed by this Court in <u>Doe v. Moniz</u>, No. 25-cv-12094-IT, . . . 2025 WL 2576819 (D.

3

Mass. Sep. [sic] 5, 2025); Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-112638 IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 317043 (D. Mass. Nov. 13, 2025).

Id. at 1. Respondents therefore acknowledge that, "[s]hould the Court follow its reasoning in Doe, Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Id. The court finds that the reasoning in Doe remains correct and that nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225, rather than under 8 U.S.C. § 1226.

### III.    Conclusion

Accordingly, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] and Emergency Motion for Temporary Restraining Order [Doc. No. 8] are GRANTED as follows:

Respondents shall return Petitioner to the District of Massachusetts within 72 hours of the docketing of this Order. Upon Petitioner's arrival in Massachusetts, Respondents shall release Petitioner from custody or, in the alternative, no later than February 10, 2026, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226.[2] If the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Respondents shall file a status report in this matter no later than February 11, 2026.

---

[2] Where Respondents' counsel has advised the court in other immigration habeas proceedings that ICE lacks an appropriate facility to detain women in Massachusetts, the court will permit Respondents to house Petitioner at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, if there is available bed space at that facility. See, e.g., J. v. Caravia, 26-cv-10482, Dkt. 10 (D. Mass. Feb. 2, 2026); Da Costa v. Wesling, 25-cv-13616, Dkt. 16 (D. Mass. Feb. 2, 2026).

IT IS SO ORDERED.

February 3, 2026                                     /s/ Indira Talwani
                                                     United States District Judge